## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LaTRISHA A. WOODS, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:18-CV-129-N-BK |
| | § | |
| UNITED PARCEL SERVICE, | § | |
| DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, now before the Court is Plaintiff's *Motion to Extend Deadline to File Motion for Leave to Amend Pleadings*, Doc. 27. Plaintiff also has filed her proposed amended complaint. Doc. 27-2. Considered jointly, Plaintiff's request is construed as seeking leave to file an amended complaint following the expiration of the deadline for doing so. For the reasons stated below, the motion should be **DENIED**.[1]

## I. BACKGROUND

### A. Procedural History

In January 2018, Plaintiff filed a *pro se* complaint against Defendant, her former employer, alleging that Defendant discriminated, harassed, and retaliated against her due to her

---

[1] It is not clear whether the undersigned has the authority to decide the motion to amend or whether it must be decided by the District Judge. *See Vasquez v. Bank of Am., N.A.*, No. CV B-17-42, 2017 WL 7371195, at *5 (S.D. Tex. Dec. 15, 2017) (collecting cases), *adopted by* 2018 WL 722636 (S.D. Tex. Feb. 5, 2018). Given that the law is unsettled on this issue, the undersigned errs on the side of caution and submits this report and recommendation.

(1) race/color; (2) national origin; and/or (3) disabilities in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA").[2] Doc. 3 at 2. Plaintiff mentioned that she also was retaliated against for several other reasons, including for complaining about "sexual misconduct" by a fellow employee. Doc. 3 at 2. She attached to her complaint two notices of the right to sue and accompanying letters issued by the Equal Employment Opportunity Commission ("EEOC") with respect to two different charges she filed. Doc. 3 at 3-6.

In April 2018, a month after Defendant answered the complaint, counsel entered his appearance on Plaintiff's behalf. Doc. 11; Doc. 15. The Court issued a scheduling order directing the parties to file amended pleadings by June 1, 2018. Doc. 19. On that date, Plaintiff filed her *Motion to Extend Deadline to File Motion for Leave to Amend Pleadings*, stating that Defendant opposed the motion because it had not been given an opportunity to review Plaintiff's intended amendments. Doc. 21; Doc. 21-1 at 1. Plaintiff then sought an extension to file her motion for leave to amend until June 5, 2018. When that date passed, Defendant responded that Plaintiff's motion was moot because she had not filed the anticipated pleading. Doc. 22.

On June 19, 2018, Plaintiff filed a second motion seeking an extension until June 20, 2018, or such later date as the Court was available to review her motion. Doc. 23. Plaintiff was ordered to file by June 27, 2018, a motion that included a certificate of conference as well as her proposed amended complaint. Doc. 26. On that date, Plaintiff filed the motion *sub judice* and attached her proposed amended complaint. Doc. 27.

---

[2] Plaintiff's *pro se* complaint also charged a violation of 42 U.S.C. section 1981, but she omitted that claim from her proposed amended complaint.

## B. Factual Background

In Plaintiff's May 2015 EEOC Charge of Discrimination (the "May Charge"), she checked the boxes for sex discrimination and retaliation.  Doc. 30-1 at 1.  The "particulars" of Plaintiff's claim are: (1) "On April 25, 2015, I was subjected to sexual harassment when Eddie Lefluer (Loader) made sexual comments toward me"; and (2) "On May 1, 2015, Eddie Lefluer slapped me on the butt."  Doc. 30-1 at 1.

In Plaintiff's August 2015 EEOC Charge of Discrimination (the "August Charge"), she checked the boxes for disability discrimination and retaliation, which she alleges occurred between June and August 2015.  Doc. 30-2 at 1.  Plaintiff elaborated: (1) "Between June and August 2015, I was repeatedly disciplined by Curtis McCune (Manager)"; and (2) "After I was removed from work by my doctor on or about August 6, 2015 and attended EEOC mediation on or about August 12, 2015 for the [May Charge], I was discharged from my position on or about August 18, 2015."  Doc. 30-2 at 1.  As Defendant's stated reason for her termination, Plaintiff averred, "Mr. McCune told me that my additional complaints related to my original charge were insubordination, and that absences related to my disability with medical documentation were unexcused absences."  Doc. 30-2 at 1.

## C. The Proposed Amendments to Plaintiff's Complaint

In her proposed amended complaint, Plaintiff seeks to raise claims for (1) discrimination and hostile working environment based on sex due to Lefluer's "prior and ongoing sexual misconduct and sexual harassment," including his daily references to Plaintiff's body, his discussions about his own sexual attributes, his solicitation of a sexual relationship with Plaintiff, and his attempts to reach out to touch Plaintiff, Doc. 27-2 at 3-5; (2) discrimination under the ADA based on her disability (anxiety disorder) and Defendant's failure to make reasonable

accommodations for her; (3) retaliation in violation of Title VII stemming from her complaints to Defendant about sexual harassment; (4) retaliation in violation of Title VII based on Plaintiff's filing the May Charge; and (5) retaliation in violation of the ADA stemming from her requests for a reasonable accommodation, Doc. 27-2 at 15-18.

Defendant opposes Plaintiff's request to amend her complaint, arguing in part that amendment would be futile because she seeks to add several claims that she did not administratively exhaust before the EEOC, to wit, (1) the hostile work environment claim based on gender; (2) the ADA failure-to-accommodate claim; and (3) the ADA claim that Defendant retaliated against her after she requested a reasonable accommodation. Doc. 29 at 2, 5-8. After Plaintiff filed her reply brief and included a copy of her EEOC Intake Questionnaire (the "Questionnaire"), Doc. 30, Defendant was granted leave to file a sur-reply to address Plaintiff's arguments with respect thereto. Doc. 31; Doc. 34.

    **D.**    **Applicable Law**

Federal Rule of Civil Procedure 15(a) dictates that a trial court should freely grant a party leave to amend a complaint when justice requires, and the language of the rule "evinces a bias in favor of granting leave to amend." *Marucci Sports, LLC. v. Nat'l Collegiate Athl. Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). In deciding whether to grant a motion to amend, the court may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Id.* (quoting *Jones v. Robinson Prop. Grp.*, LP, 427 F.3d 987, 994 (5th Cir. 2005)). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.*

The deadline to move for leave to amend pleadings in this case was June 1, 2018, and Plaintiff filed the instant motion on June 27, 2018. Because the deadline for amending pleadings has passed, Plaintiff must demonstrate "good cause" to modify the Court's scheduling order. FED. R. CIV. P. 16(b)(4); *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). In that regard, the Court considers four factors in determining whether to allow Plaintiff's untimely amendment to his complaint: (1) Plaintiff's explanation for failure to timely seek to amend his complaint; (2) the importance of the amendment; (3) the potential prejudice to Defendant if the amendment is permitted; and (4) the availability of a continuance to cure the prejudice to Defendant. *S & W Ent., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Under Title VII and the ADA, a plaintiff must exhaust administrative remedies before filing suit in federal court. *See, e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002 (Title VII)*; Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (ADA). The exhaustion requirement also applies to claims of retaliation based on events that occurred prior to filing an EEOC charge. *See McCray v. DPC Industries, Inc.*, 942 F.Supp. 288, 294-95 (E.D. Tex. 1996). The exhaustion requirement is satisfied once the plaintiff files a timely EEOC charge and receives a statutory notice of right to sue. *Taylor*, 296 F.3d at 379.

D.    **Parties' Arguments**

As an initial matter, Defendant does not argue that Plaintiff lacks good cause for seeking to file her amended complaint after the expiration of the deadline for doing so. Moreover, the Court finds that Plaintiff has demonstrated good cause due to (1) her commencing this action without the assistance of counsel; (2) her attorney's diagnosis with cancer shortly after appearing in the case; (3) the importance of the amendments to the complaint that Plaintiff seeks to make;

5

(4) the lack of prejudice to Defendant; and (5) the fact that a continuance may not be necessary.

Accordingly, the Court proceeds to address whether the proposed amendments are warranted.

### 1. Plaintiff's Attempt to Add a Hostile Work Environment Claim

Defendant first argues that Count One of Plaintiff's proposed amended complaint alleges

a hostile work environment based on gender, but the May Charge only references two specific

incidents of harassment, rather than the numerous and purportedly pervasive instances Plaintiff

lists in her proposed amended complaint. Doc. 29 at 4-5. Defendant also notes that in the May

Charge, Plaintiff did not check the box for "continuing action," which would have indicated

ongoing harassment, but instead listed the relevant timeframe as beginning and ending on May 1,

2015. Doc. 29 at 5. Thus, Defendant contends that allowing an amendment to add hostile work

environment claims for which Plaintiff failed to exhaust her administrative remedies would be

futile. Doc. 29 at 5-6; *see* Doc. 30-1 at (May Charge).

Plaintiff replies that she explicitly included a hostile work environment claim in her May

Charge by mentioning the incidents that occurred on April 25 and May 1, 2015, and the

allegations underlying her proposed hostile work environment claim grew out of the scope of the

EEOC investigation or are allegations that are like or related to the allegations contained in the

May Charge. Doc. 30 at 4-6.

Because a person filing an EEOC charge is usually not represented by counsel, the court

must not strictly construe the EEOC charge and require the complainant to allege every instance

of discrimination. *See Fine*, 995 F.2d at 578 ("[T]his rule protects unlettered lay persons making

complaints without legal training or the assistance of counsel."). While a cause of action may be

based on "any kind of discrimination like or related to the charge's allegations" it is "limited . . .

by the scope of the EEOC investigation that could reasonably be expected to grow out of the

initial charges." *Anderson v. Venture Express*, 694 F. App'x 243, 247 (5th Cir. 2017) (quoting *Fine*, 995 F.2d at 578).

Courts have declined to find the exhaustion requirement met with respect to hostile work environment claims where the plaintiff alleged only specific and non-severe instances of discrimination in their EEOC charge. For example, in *Hill v. Dep't of Veterans Affairs*, the United States Court of Appeals for the Fifth Circuit found that the administrative charges alleging three specific discriminatory events − the non-renewal of the plaintiff's clinical privileges, the decision to place him on involuntary leave, and his constructive discharge − were not reasonably likely to cause an investigation of a hostile work environment. No. 08-60532, 2009 WL 348767, at *4 (5th Cir. Feb. 12, 2009) (per curiam); *see also Gates v. Lyondell Petrochemical Co.*, 227 Fed. App'x 409, 2007 WL 1454464 at *1 (5th Cir. May 15, 2007) (per curiam) (holding that the plaintiff's hostile work environment claim "could not be expected to grow out of her EEOC discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment").

Similarly, in *Esukpa v. John Eagle Sports City*, the plaintiff's complaint alleged that he was discriminated against based on his race and national origin and, due to the discrimination, he was not promoted, was fired for a pretextual reason, was subjected to "jungle jokes," and treated as if he were senile. No. 3:05-CV-2196-M, 2006 WL 2371329, at *1 (N.D. Tex. Aug. 15, 2006) (Lynn, J.). On the plaintiff's EEOC charge form, however, he (1) checked only the race, age, and national origin boxes; (2) identified only one date as both the earliest and the latest date of discrimination; and (3) did not check the "Continuing Action" box. *Id.* The Court held that a claim of hostile work environment could not reasonably be expected to grow out of the plain language of the EEOC charge. *Id.* at *2.

Plaintiff's case presents nearly the identical factual scenario as in *Esukpa*, and for the same reason, the Court concludes that she did not exhaust her hostile work environment claim. Because Plaintiff's May Charge was not sufficient to raise a hostile work environment claim, her motion for leave to amend her complaint to add such a claim would be futile and should thus be denied. *Marucci Sports*, 751 F.3d at 378; *cf. Cooper v. Wal-Mart Transp., LLC*, 662 F. Supp. 2d 757, 773 (S.D. Tex. 2009) (finding that seven pages of handwritten notes attached to the EEOC charge, which included a variety of racially-themed statements attributed to defendants' personnel, indicated that a hostile work environment claim was in play, and a reasonable investigator presented with such a long series of incidents would include a hostile work environment within the investigation's scope); *Davis v. City of Dallas*, No. 3:08-CV-1123-B, 2010 WL 300348, at *7 (N.D. Tex. Jan. 25, 2010) (Boyle, J.) (holding that it was reasonable to expect a harassment and hostile work environment claim to grow from the plaintiff's EEOC charge, which specifically alleged the imposition of a hostile work environment and included a two-page attachment detailing actions that could constitute harassment and/or create a hostile work environment).

### 2.  *Plaintiff's Attempt to Add Claims Based on Defendant's Failure to Accommodate her Disability and Retaliation Due to her Request for a Reasonable Accommodation*

Defendant next argues that Plaintiff did not exhaust either her proposed ADA failure-to-accommodate claim or her related ADA retaliation claim and, instead, raised in the August Charge only a disparate treatment ADA claim.  Doc. 29 at 6-8.

Plaintiff replies that when the August Charge is viewed together with the Questionnaire, it is apparent that she administratively exhausted her failure-to-accommodate claim because, in the Questionnaire, she responded in the affirmative when asked whether she requested that Defendant make any changes or assist her in doing her job due to her disability.  Doc. 30 at 6;

see Doc. 30-3 (Questionnaire stating that from May 4 through August 5, 2015, Plaintiff asked for accommodation both verbally and in writing to keep her harasser away from her, but no action was taken and she was accused of lying).  Moreover, in support of her proposed retaliation claim based on Defendant's alleged failure to accommodate, Plaintiff cites to the language of the August Charge in which she stated that "After I was removed from work by my doctor on or about August 6, 2015 and attended EEOC mediation on or about August 12, 2015 for the above mentioned charge, I was discharged from my position on or about August 18, 2015."  Doc. 30 at 7.

Defendant argues in sur-reply that the Court should not consider the Questionnaire because the allegations therein were never presented to Defendant and it is undated (except for the notation "Aug" on the date line) and not stamped as having been received by the EEOC. Doc. 34 at 2-3.

For the reasons Defendant argues, the Court declines to consider Plaintiff's Questionnaire.  *See Hayes v. MBNA Tech., Inc.*, No. Civ.A.3:03-CV-1766-D, 2004 WL 1283965, at *6 (N.D. Tex. June 9, 2004) (Fitzwater, J.) *(*"[W]hen determining whether a claim has been exhausted, the decision is to be based on the four corners of the EEOC charge, but the court may also consult related documents, such as . . . the EEOC questionnaire . . . when (1) the facts set out in the document are a reasonable consequence of a claim set forth in the EEOC charge, and (2) the employer had actual knowledge of the contents of the document during the course of the EEOC investigation."); *cf. Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443-44 (5th Cir. 2017) (considering the allegations in the plaintiff's intake questionnaire because the plaintiff filed it with his formal charge, and the employer responded to the questionnaire's allegations).

As noted by Defendant, a discrimination/disparate treatment ADA claim is not the same as a failure-to-accommodate claim.  *See Hamar v. Ashland, Inc.*, 211 F. App'x 309, 310 (5th Cir. 2006) ("The two relevant claims, failure to accommodate and disparate treatment, represent distinct categories of disability discrimination under the ADA.").  Thus, a plaintiff wishing to exhaust a failure-to-accommodate claim must allege specific facts enabling the EEOC to determine that she requested an accommodation and the employer denied it.  *See Robles v. Tex. Tech Univ. Health Sci. Ctr.*, 131 F. Supp. 3d 616, 635 (W.D. Tex. 2015) (barring a failure-to-accommodate claim because "the EEOC Complaint does not assert Plaintiff ever requested a reasonable accommodation" or otherwise "suggest[] Defendants were aware an accommodation was needed").

A review of the August Charge reflects that Plaintiff raised only an ADA discrimination claim.  Doc. 30-2 at 1.  Nowhere in that document does Plaintiff even suggest that she asked Defendant for an accommodation for her claimed disability.  Thus, the Court should decline to allow Plaintiff to amend her complaint to add that unexhausted claim because doing so would be futile.  *Marucci Sports*, 751 F.3d at 378.  Plaintiff's proposed claim for retaliation based on her request for reasonable accommodations fails for the same reason.  *See, e.g., Miller v. Sw. Bell Tel. Co.*, 51 Fed. App'x 928, at *8 (5th Cir. Oct. 7, 2002) (holding that because the plaintiff did not check the correct box on the EEOC complaint form or otherwise disclose his allegations of retaliation, his ADA retaliation claim was not exhausted).

Finally, the Court should deny Plaintiff's request to address any deficiency by a subsequent amended complaint, because any new claims would be fatally infirm for the same reasons stated here.  *See Brewster v. Dretke*, 587 F. 3d 764, 767-68 (5th Cir. 2009) (holding that leave to amend is not required when the plaintiff already has pleaded her best case).

### E. Conclusion

Plaintiff's *Motion to Extend Deadline to File Motion for Leave to Amend Pleadings*, Doc. 27, construed as Plaintiff's request to seek leave to file an amended complaint out of time, should be **DENIED**.

**SO RECOMMENDED** on November 7, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).